## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### www.flsb.uscourts.gov

| | |
|---|---|
| *In re:* | Case No.: 19-25286-RAM |
| CHILDREN FIRST CONSULTANTS, INC., | Chapter 11 |
|     Debtor. | |
| _____/ | |
| CHILDREN FIRST CONSULTANTS, INC., | Adversary Case No.: |
|       Plaintiff, | |
| v. | |
| FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION, | |
|     Defendant. | |
| _____/ | |

## ADVERSARY COMPLAINT FOR (I) TURNOVER OF PROPERTY OF THE ESTATE AND (II) RELATED CLAIMS

Plaintiff, Children First Consultants, Inc. (**Debtor**), sues Defendant, Florida Agency for Health Care Administration (**AHCA**), and alleges:

### NATURE OF ACTION, PARTIES, JURISDICTION, AND VENUE

1.       This is an adversary proceeding that arises out of and relates to the Debtor's voluntary Chapter 11 bankruptcy case, No. 19-25286-RAM, filed on November 13, 2019.

2.       Debtor is a Florida corporation located in Coral Gables and a small business debtor as defined in section 101(51D) of the Code.

3.       Debtor is managing its affairs as a debtor-in-possession.

4.       AHCA is the Florida executive-branch agency responsible for, among other things, operating and managing Florida's Medicaid program and disbursing Medicaid funds.

5.      The undersigned law firm and counsel were appointed as special counsel to the Debtor pursuant to Court Order dated April 27, 2020. *See* ECF No. 54.

6.      This proceeding seeks turnover of Estate property under section 28 U.S.C. § 542(b) and also asserts additional claims arising out of and relating to the Case and this proceeding.

7.      This proceeding is "core" under 28 U.S.C. §§ 157(b)(1) and (b)(2)(A), (E), (K) and (O).

8.      This Court has jurisdiction under 28 U.S.C. §§ 157(b) and 1334(b) ("[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings … arising in or related to cases under title 11.").

9.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## GENERAL ALLEGATIONS

### A.  Introduction

10.     AHCA single-handedly forced the Debtor into bankruptcy by denying approximately $770,000 in claims based on an erroneous, arbitrary, and capricious application of Medicaid billing regulations and then advising the Debtor to incur $800,000 in additional liabilities and then just ignoring those invoices and not paying them.

11.     All told, AHCA failed to pay over $1.5 million to the Debtor, the bulk of which was due for fees to licensed therapists who provided behavioral support services to children and who have not been paid despite actually providing the services.

### B.  Debtor's Business

12.     Debtor provides behavioral analysis services to children with developmental disabilities, such as Autism, Down syndrome, ADHD, and other behavioral issues.

13.     Debtor is owned and operated by (i) Sofia Aneas, LMHC, BCBA; (ii) Oxana Garkavchenko, LMHC, BCBA; and (iii) Yudelkys San Juan Machin, BCBA.

Fuerst Ittleman David & Joseph
One Southeast Third Avenue, Suite 1800, Miami, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • www.fidjlaw.com

14.     Debtor engages licensed therapists as independent contractors to provide services, often at clients' homes

### C.  Medicaid Provider Agreement

15.     On or about March 22, 2017, Debtor and AHCA entered into a Non-Institutional Medicaid Provider Agreement (**Medicaid Provider Agreement**) that authorized Debtor's participation as a provider in the Florida Medicaid Program. A copy of the Medicaid Provider Agreement is Exhibit A hereto.

16.     Over the course of the first two years, AHCA audited the Debtor three times with no adverse findings or recommendations.

17.     AHCA's audits of the Debtor involved review of patient records, employee records, and billing records. The audits were as follows:

> • August 29, 2017: Site visit by AHCA to review personnel records for every person in the business;
>
> • December 6, 2017: Inspection of Medicaid participation from March 1, 2017 through November 30, 2017; and
>
> • July 18, 2018: Review of claims billed to Medicaid from March 1, 2017 through July 18, 2018.

18.     AHCA never indicated that it had found any evidence of impropriety during any of its three audits of the Debtor.

19.     AHCA has never explained why, if Debtor was not in compliance, that AHCA did not find evidence of such non-compliance during the previous medical, billing, and employee audits.

20.     There is no suggestion, nor could there be, that services were not actually rendered.

21.     Debtor has obtained statements from dozens of its patients and their caregivers attesting to the fact that services were actually rendered.

Fuerst Ittleman David & Joseph
One Southeast Third Avenue, Suite 1800, Miami, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • www.fidjlaw.com

### D.  The Contested Receivable

22.     In April 2019, AHCA sent the Debtor a prepayment review notice, which had the effect of suspending further payments to the Debtor.

23.     At the time, the Debtor had outstanding claims to AHCA in the total amount of $770,094.51 (hereinafter, the "**Contested Receivable**").

### E.  Debtor Incurs Additional Liabilities At AHCA's Request

24.     In May 2019, notwithstanding the prepayment review, AHCA told the Debtor to continue providing services, treating clients, and submitting claims because the review process could take up to a year.

25.     Based on AHCA's representations, Debtor's approximately 136 subcontracting therapists and technicians continued seeing clients and incurring liabilities through September 2019.

### F.  The Uncontested Receivable

26.     Thus, between May and September 2019, Debtor incurred another $831,128.28 in liabilities treating clients at AHCA direct request (the "**Uncontested Receivable**"). *See* Spreadsheet, Exhibit B hereto (claims comprising the Uncontested Receivable are highlighted in blue)

27.     As the summer of 2019 approached, communications from AHCA slowed and became infrequent, causing tension because the status of the review seemed uncertain and clients and the therapists began pressuring Debtor for answers regarding the Debtor's status with AHCA.

28.     By August 2019, Debtor's therapists had been working for almost five months without pay, forcing many of them to seek food stamp assistance.

### G.  Debtor's Trip To Tallahassee

29.     After AHCA refused to meet in person with the Debtor's principals to discuss the status of the review, Debtor's principals flew to Tallahassee and met with the Governor's Office on

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Friday, August 9, 2019, after which they were eventually referred to AHCA's Inspector General, where an appointment was arranged on their behalf.

### H. AHCA Denies The Contested Receivable

30.     The following Monday, August 12, 2019, however, Debtor received a certified letter from AHCA denying literally every claim it had submitted as part of the Contested Receivable (collectively, the "**Denied Claims**"). *See* Exhibit C hereto.

31.     AHCA's denial of the Contested Receivable was arbitrary, capricious and without basis in law or fact. By way of example, AHCA denied the great majority of the Denied Claims based on an erroneous reading of its own regulations regarding billing documentation. The "Comments" column of AHCA's reviewer's spreadsheet contains the same reasons for denying almost every claim: "***No dated Signature*** from the Date and Time of Service" (emphasis added). For example, of the first 30 rows of AHCA's spreadsheet, 27 out of 30 claims were denied *solely* for this reason. *See* Ex. B.

NPI No.: 1750822961

| Adjudicate or Deny | Comments |
|---|---|
| Deny | No Dated Signature from the Date and Time of Service |
| Deny | No Dated Signature from the Date and Time of Service |
| Deny | No Dated Signature from the Date and Time of Service |
| Deny | No Dated Signature from the Date and Time of Service |
| Deny | No Dated Signature from the Date and Time of Service |
| Deny | No Dated Signature from the Date and Time of Service |
| Deny | No Dated Signature from the Date and Time of Service |
| Deny | No Dated Signature from the Date and Time of Service |
| Deny | No Dated Signature from the Date and Time of Service |
| Deny | No Dated Signature from the Date and Time of Service |
| Deny | No Dated Signature from the Date and Time of Service |
| Deny | Signature on Progress Note was 7 Days Past Date of Service |
| Deny | No Dated Signature from the Date and Time of Service |
| Deny | No Dated Signature from the Date and Time of Service |
| Deny | No Dated Signature from the Date and Time of Service |
| Deny | No Dated Signature from the Date and Time of Service |
| Deny | No Date on Daily Progress Note. No Name of Recipient on Daily Progress Note |
| Deny | No Dated Signature from the Date and Time of Service |
| Deny | No Dated Signature from the Date and Time of Service |
| Deny | No Dated Signature from the Date and Time of Service |
| Deny | No Dated Signature from the Date and Time of Service |
| Deny | No Dated Signature from the Date and Time of Service |
| Deny | No Dated Signature from the Date and Time of Service |
| Deny | No Dated Signature from the Date and Time of Service |
| Deny | No Dated Signature from the Date and Time of Service |
| Deny | No Dated Signature from the Date and Time of Service |
| Deny | No Dated Signature from the Date and Time of Service |
| Deny | No Documentation Submitted |

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

32.    This explanation is specious because Debtor's records are, in fact, contemporaneously signed and dated by the respective provider in accordance with AHCA's own rules.

33.    The applicable section of the Florida Administrative Code reads:

All Florida Medicaid providers must:

1.    Ensure medical records establish the medical necessity for and the extent of services provided.

2.    ***Sign and date*** each medical record within two business days from the date and time of service, or otherwise authenticate the record by signature, written initials, or computer entry. Electronic signatures are permissible as defined in Chapter 668, Part I, F.S.

F.A.C. § 59G1.054(2)(a)(2.) (emphasis added) ("Recordkeeping and Documentation Requirements").

34.    Here, all of the Denied Claims were contemporaneously dated (at the top) and signed (at the bottom) in accordance with the rule. An image of a sample Daily Progress Note form used by Debtor is below.



FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

35.     AHCA erroneously, arbitrarily, and capriciously decided that the signatures and dates (highlighted in yellow in the above image) were required to appear **on the same horizontal line** even though the regulations do ***not*** contain any such spatial placement requirement.

36.     AHCA's interpretation of § 59G1.054(2)(a)(2.) is illogical and clearly erroneous. *See Secret Oaks Owner's Ass'n v. DEP,* 704 So. 2d 702, 707–08 (Fla. 5th DCA 1998) ("The agency interpretation that 'title interest' means 'right of possession' creates … completely irrational distinctions. Given the absence of any reason to support the agency's conclusion … we find the agency's interpretation illogical and unreasonable. For the reasons heretofore stated in this opinion, we conclude that the agency's interpretation is clearly erroneous.").

37.     The vast majority of the balance of AHCA's "reasoning" denying the Contested Receivable is equally dubious and without support. Debtor retained an expert, Lisa Merconchini, a licensed clinical psychologist with over 20 years of experience in utilization review, as well as her own clinical practice, to review a sample of the files denied by AHCA to identify any billing compliance concerns. Although Merconchini identified some minor issues, her conclusion was that, "overall, medical records did reflect appropriate treatment was provided and reimbursable." A copy of Merchoncini's expert report is Exhibit D hereto.

38.     Given the conclusions in Merconchini's report, it is improbable that AHCA acted fairly and objectively because AHCA literally denied every single claim, which demonstrates a predisposition towards denial that is both arbitrary and capricious.

39.     On September 12, 2019, AHCA advised Debtor that it had terminated the prepayment review of the Denied Claims and was imposing a Medicaid "payment suspension." *See* 42 C.F.R. 455.23. AHCA also ordered the Debtor to wind down its business by November 15, 2019 and canceled its Medicaid provider number.

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

40.     On September 23, 2019, AHCA dismissed the Debtor's administrative appeal without review on the grounds that AHCA lacked jurisdiction. A copy of AHCA's Final Order of Dismissal with Prejudice is attached hereto as Exhibit E.

41.     Additionally, for no given reason, AHCA rescinded the personal Medicaid provider numbers for Debtor's principals, rendering them virtually unemployable as individual therapists.

**I.  AHCA Fails To Pay The Uncontested Receivable**

42.     Significantly, with respect to the Uncontested Receivable, AHCA never disputed the claims that comprise the Uncontested Receivable.

43.     AHCA just ignored the Uncontested Receivable and never denied it or paid it.

44.     The Uncontested Receivable is matured and payable.

45.     Debtor has retained the undersigned law firm to represent it in this action and has agreed to pay a reasonable fee for its services.

46.     All conditions precedent required to file this action have been performed, waived, or otherwise excused.

**COUNT 1**
**TURNOVER OF ESTATE PROPERTY PURSUANT TO 11 U.S.C. § 542(B)**
(Regarding the Uncontested Receivable)

47.     Debtor repeats and re-alleges paragraphs 1 through 46 as if fully set forth herein.

48.     This is an action for turnover of Estate property under section 542(b) of the Bankruptcy Code, which provides that "an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt" to the Estate. *See* 11 U.S.C. § 542(b).

Fuerst Ittleman David & Joseph
One Southeast Third Avenue, Suite 1800, Miami, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • www.fidjlaw.com

49.     The Uncontested Receivable is a prepetition account receivable and/or presently payable debt that is matured, payable on demand, and payable on order by AHCA for health care services rendered pursuant to the Medicaid Provider Agreement.

50.     AHCA's failure either to pay or to deny the claims that comprise the Uncontested Receivable created an incontestable obligation for AHCA to pay under the Medicaid Provider Agreement. *See* Exhibit A, ¶ 6(a) ("[AHCA] shall: (a) Make timely payment at the established rate for services or goods furnished to a recipient by the provider upon receipt of a properly completed claim.").

51.     The Uncontested Receivable is therefore property of the Estate.

52.     Accordingly, the Court should order AHCA to turn over the Uncontested Receivable.

**COUNT 2**
**BREACH OF CONTRACT**
(Regarding Both Receivables)

53.     Debtor repeats and re-alleges paragraphs 1 through 46 as if fully set forth herein

54.     This is an action for breach of contract.

55.     AHCA breached paragraph 6 of the Medicaid Provider Agreement by not timely paying (i) the Contested Receivable and (ii) the Uncontested Receivable.

56.     With respect to the Contested Receivable, it is apparent from the "Comments" section of AHCA's own investigative notes that the reasons for the suspension of payment – for example, the absence of a date on the same line as the provider signature—are not based on any appropriate legal authority and is the epitome of "arbitrary and capricious."

57.     Because AHCA's alleged reason for withholding payment of the Contested Receivable is illogical and contrary to AHCA's own regulations, which only require the provider signature and

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

date to appear on *the same page*, AHCA has no legitimate grounds for withholding payment. The Contested Receivable is therefore due and owing.

58.    AHCA breached paragraph 6 of the Medicaid Provider Agreement with regard to the Uncontested Receivable by not timely paying, and otherwise simply ignoring its obligation to pay entirely. AHCA also failed, entirely, to notify Debtor of any alleged or purported deficiencies related to the Uncontested Receivable. The Uncontested Receivable is therefore due and owing.

59.    Debtor has been directly and proximately damaged by AHCA's breach of the Medicaid Provider Agreement.

## COUNT 3
## UNJUST ENRICHMENT
(Regarding Both Receivables)

60.    Debtor repeats and re-alleges paragraphs 1 through 46 as if fully set forth herein.

61.    This is an action for unjust enrichment.

62.    By not remitting payment for the Uncontested Receivable and the Contested Receivable, Debtor conferred a benefit on AHCA.

63.    AHCA has full knowledge of and voluntarily accepted and retained this benefit.

64.    Under the circumstances described in this Complaint, it would be inequitable for AHCA to retain this benefit.

65.    AHCA has been unjustly enriched.

66.    Debtor is entitled to damages as a result of the AHCA's unjust enrichment, including disgorgement with interest of the Receivable.

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

## COUNT 4
## DECLARATORY JUDGMENT
(Regarding the Uncontested Receivable)

67.     Debtor repeats and re-alleges paragraphs 1 through 46 as if fully set forth herein

68.     This is an action for declaratory judgment under 28 U.S.C. §§ 2201 (providing that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration) and 2202 (authorizing "[f]urther necessary or proper relief based on a declaratory judgment or decree.").

69.     There is an actual, genuine and bona fide dispute between the parties as to whether the Uncontested Receivable constitutes "property" of the Estate under section 541 of the Bankruptcy Code and whether immediate turnover is required by section 542(b) so that a plan of reorganization may be implemented.

70.     Debtor has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Debtor respectfully requests the Court enter judgment against Defendants:

  a.  Directing AHCA to turn over the Uncontested Receivable pursuant to 11 U.S.C. § 542(b);

  b.  Awarding general compensatory damages;

  c.  Declaring the Uncontested Receivable to be property of the estate pursuant to 11 U.S.C. § 541;

  d.  Awarding costs of suit;

  e.  Awarding prejudgment and post-judgment interest; and

  f.  Granting such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Debtor demands trial by jury on all issues so triable.

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Respectfully submitted,

**FUERST ITTLEMAN DAVID & JOSEPH**
*Special Counsel for Debtor In Possession*
SunTrust International Center
One Southeast Third Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 350-5690
Facsimile: (305) 371-8989
E-mail: Cdavid@fidjlaw.com
Secondary Email: narcia@fidjlaw.com

By: /s/ Christopher M. David
    Christopher M. David
    Florida bar Number: 985163

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via Notice of Electronic Filing CM/ECF to those parties registered to receive electronic notices of filing in this case June 2, 2020.

By: /s/ Christopher M. David
    Christopher M. David

Fuerst Ittleman David & Joseph
One Southeast Third Avenue, Suite 1800, Miami, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • www.fidjlaw.com