## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| *In re:* | Case No.: 19-25286-RAM |
| CHILDREN FIRST CONSULTANTS, INC., | Chapter 11 |
| Debtor. | |
| _____/ | |
| CHILDREN FIRST CONSULTANTS, INC., | Adversary Case No.: 20-1232-RAM |
| Plaintiff, | |
| v. | |
| FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION, | |
| Defendant. | |
| _____/ | |

### <u>MEMORANDUM IN OPPOSITION TO AHCA'S MOTION TO DISMISS</u>

Plaintiff Children First Consultants, Inc. files this memorandum in opposition to the Motion to Dismiss [D.E. #7] filed by Defendant, Florida Agency for Health Care Administration ("AHCA").

## I.    INTRODUCTION

Although the Court would not know from reading AHCA's motion to dismiss, AHCA already lost the subject matter jurisdiction argument relating to the turnover claim for the $831,128.28 "Uncontested Receivable" (*see* Comp. ¶ 26).

In *In re Institute of Cardiovascular Excellence PLLC* (ICE *v. AHCA)*, 589 B.R. 204, 210 (Bankr. M.D. Fla. 2018), Judge Funk held that bankruptcy courts have *in rem* subject matter jurisdiction over turnover claims brought against AHCA under 11 U.S.C. § 542(b) relating to Medicaid payments that were "suspended" but neither denied nor contested as required by section 641.3155(3)(b), Florida Statutes. *See Ice,* 589 B.R. at 210 ("If the subject funds are property of the estate, no court other than this Court retains subject-matter jurisdiction over those funds.").

The jurisprudential basis for the holding in *Ice* is that turnover claims relate exclusively to Estate property, over which bankruptcy courts have *in rem* jurisdiction, and thus sovereign immunity is waived under the well-established "consent to ratification" theory, which is "predicated on [Florida's] decision when joining the Union to ratify the Bankruptcy Clause." *Id.* at 208 & n. 3; *see also* U.S. Const. art. 1, § 8, cl. 4 ("The Congress shall have Power . . . [t]o establish … uniform Laws on the subject of Bankruptcies throughout the United States[.]").

The issue here, just as in *Ice*, is whether the Uncontested Receivable is a "matured" debt. *See* 11 U.S.C. § 542(b). If the debt is matured, then the Court has jurisdiction; if the debt is not matured, then there is no jurisdiction. *Ice* stands for the proposition that maturity cannot be decided at the motion to dismiss stage with respect to claims that AHCA has neither denied nor contested but only "suspended" during prepayment review. *See* 589 B.R. at 210.

AHCA was represented in the *Ice* case by James Donahue of Ausley McMullen.

Now representing itself, AHCA copied almost verbatim the arguments made by Mr. Donahue in his motion to dismiss in *Ice*, which obviously failed to persuade Judge Funk. We attach a copy of the Motion to Dismiss filed by AHCA in the *Ice* case as Exhibit A hereto.

In the interest of candor toward the tribunal, AHCA should have informed this Court of the holding in *Ice* with respect to the turnover claim for the Uncontested Receivable. Although *Ice* may not be "controlling" adverse authority (because Jude Funk's decisions are not laterally binding), AHCA should have informed the Court that its exact arguments had already been soundly rejected, especially because AHCA is not seeking to distinguish or modify *Ice*.[1]

---

[1] *See Arellano v. Am. Airlines, Inc.*, 69 F. Supp. 3d 1345, 1348 (S.D. Fla. 2014) ("While a fellow district judge's opinion squarely on point, involving the same lawyer and party, and directly adverse to the party, may not be "legal authority in the controlling jurisdiction," American Airlines, in the interest of full candor, should have addressed and sought to distinguish *McCarthy* in its Motion.").

Fuerst Ittleman David & Joseph
One Southeast Third Avenue, Suite 1800, Miami, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • www.fidjlaw.com

AHCA also should have informed the Court that *Ice* is the only decision on point in the United States and has not been overruled by any reviewing court or otherwise distinguished.

We submit that *Ice* should control the outcome here with respect to the turnover claim for the $831,128.28 Uncontested Receivable (Counts I and 4 of the Complaint) because (i) the facts of this case are virtually identical to those in *Ice*; (ii) AHCA has not tried to distinguish *Ice* factually; (iii) AHCA does not argue for a modification of *Ice*; and, in any event,  (iii)  the doctrine of collateral estoppel prevents AHCA from challenging *Ice* collaterally in this Court. *See St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672, 675 (11th Cir. 1993) ("Collateral estoppel, or issue preclusion, bars relitigation of an issue previously decided in judicial or administrative proceedings if the party against whom the prior decision is asserted had a 'full and fair opportunity' to litigate that issue in an earlier case." ) (citation omitted).

Although we concur with AHCA that the Court does not have subject matter jurisdiction over the **non**-turnover claims regarding the Contested Receivable (Counts 2 and 3), we initially included those claims hoping that AHCA would resolve all payment issues simultaneously in the interest of efficiency and judicial economy.

## II.    RELEVANT FACTS

1.    Debtor provides behavioral analysis services to children with developmental disabilities. Comp. ¶ 12.

2.    On 22, 2017, Debtor and AHCA entered into a Medicaid Provider Agreement that authorized Debtor's participation as a provider in the Florida Medicaid Program. *Id.* ¶ 15.

3.    Over the course of the first two years, AHCA audited the Debtor three times with no adverse findings or recommendations and no indication of impropriety. *Id.* ¶ 16-17.

4.    In April 2019, AHCA sent a prepayment review notice. *Id.* ¶ 22.

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

5.      At the time, the Debtor had outstanding claims to AHCA in the total amount of $770,094.51 (the "**Contested Receivable**"). *Id.* ¶ 23.

6.      A prepayment review does not "deny or contest" a claim, and AHCA told the Debtor to continue providing services, continue treating clients, and continue submitting claims because the review process could take up to a year.

7.      Based on AHCA's representations, Debtor continued seeing clients and incurring liabilities through September 2019. *Id.* ¶ 24-25. Between May and September 2019, Debtor incurred another $831,128.28 in liabilities treating clients (the "**Uncontested Receivable**"). *Id.* ¶ 26. Those claims and supporting materials were timely submitted to AHCA for payment.

8.      By letter dated August 12, 2019, AHCA denied a portion of the claims comprising the Contested Receivable. *Id.* ¶ 31.[2]

9.      Significantly, the August 12, 2019 letter did ***not*** pertain to the $831,128.2 Uncontested Receivable. Instead, it again instructed the Debtor to continue operating and submitting claims.

> The Agency for Health Care Administration (Agency), Medicaid Program Integrity has completed a portion of the review of the claims that were submitted to Florida Medicaid by your office. Attached is a report that indicates the disposition of those claims. …
>
> These denied claims may not be resubmitted….
>
> ***You must continue to submit documentation for claims to the individual below so that we can complete the review and expedite appropriate payments***.

*Id.*, Ex, C [D.E. 62-4 pp. 1-2] (emphasis added).

10.      On September 12, 2019, AHCA terminated the prepayment review for the Contested Receivable and imposed a Medicaid payment suspension under 42 C.F.R. 455.23. *See id.* ¶ 39.

---

[2] AHCA's denial of the Contested Receivable was arbitrary and capricious. If AHCA is unwilling to resolve the wrongful denial of the Contested Receivable here, then the Debtor will file a separate state court breach of contract action.

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

11.    Significantly, however, AHCA never denied or contested the claims comprising the $831,128.2 Uncontested Receivable. Instead, AHCA just ***ignored*** those claims. *Id.* ¶¶ 42-44.

12.    The $831,128.28 debt is therefore matured and payable because AHCA did not deny or contest the claims that comprise the Uncontested Receivable as required section 641.3155(3)(b).

## III.    MEMORANDUM OF LAW

The Court should deny AHCA's motion to dismiss the turnover claim in Counts I (and the corresponding declaratory judgment action in Count 4) for two reasons.

First, *Ice* is persuasive authority that should control the outcome here.

Second, because AHCA is collaterally estopped from litigating the issue of subject matter jurisdiction for "suspended" but uncontested claims decided adversely to it in *Ice*.

### A.  The Motion to Dismiss Standard

A Rule 12(b)(6) motion to dismiss should be granted only when the pleading fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("As the Court held in *Twombly*, the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

When evaluating a motion to dismiss, the court must "accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor." *Wilborn v. Jones*, 761 F. App'x 908, 910 (11th Cir. 2019). However, the Court does not need to accept the "truth" of legal conclusions. *Iqbal*, 556 U.S. at 678.

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

"Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. 679. The standard "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Wilborn v. Jones*, 761 F. App'x at 910. While the complaint need not set out "detailed" factual allegations, it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* (citing *Twombly*).

Here, the Complaint alleges a claim in Court I that this Court has subject matter jurisdiction to decide based on the holding in *Ice*, which AHCA is collaterally estopped from challenging.

### B. The *Ice* Decision Is Dispositive

The general holding of *Ice* is that sovereign immunity is inapplicable to § 542 turnover actions.

The specific holding of *Ice* is that § 542 turnover claims brought against AHCA with respect to Medicaid claims that have been "suspended" but neither contested nor denied within the period set forth in section 641.3155(3)(b), Fla. Stat., are not barred by the doctrine of sovereign immunity.

> In sum, the extent of the Court's jurisdiction in this proceeding is solely *in rem* jurisdiction over property of the bankruptcy estate. This includes the jurisdiction to determine whether and to what extent the subject funds constitute a matured debt owed as of the petition-filing date. If the evidence presented proves the subject funds are property of the estate and AHCA's withholding of funds is not otherwise legally justified, the Court would be required to order turnover of those funds to Debtor, as the debtor-in-possession, without interference of the Eleventh Amendment. Likewise, if the evidence demonstrates the estate retains no interest in the funds, the Court would be without further jurisdiction in this proceeding because the Eleventh Amendment precludes any exercise of *in personam* jurisdiction over AHCA as well as any assessment of liability for damages against AHCA, under these circumstances.

*Ice*, 589 B.R. at 210–11,

In the *Ice* decision, Judge Funk expressly considered and rejected every argument raised by AHCA in its motion to dismiss here.

Page **6** of 10

First, AHCA's attempt to label the funds as "suspended," which is a term not used in section 641.3155 is, as Judge Funk already determined, insufficient to deprive the bankruptcy court of subject matter jurisdiction to determine if the debt is matured and subject to turnover. *See Ice*, 589 B.R. at 210 ("The Court notes that both section 409.913(25)(a) and 42 C.F.R. § 455.23(c) appear to provide for only ***temporary*** suspensions[.]").

Second, AHCA's assertion that it suspended payments while allegedly investigating fraud was insufficient to deprive the bankruptcy court of jurisdiction. *See Ice,* 589 B.R. at 207 ("AHCA also apparently contended that state and federal law required it to 'suspend' the subject accounts and withhold payment in light of the fraud investigation.").

At bottom, *Ice* stands for the proposition that where AHCA has failed to deny or contest claims within 20 day as required by section 641.3155, Fla. Stat., sovereign immunity has been waived and the Bankruptcy Court has subject matter jurisdiction to determine whether the debt is matured for purposes of turnover under 11 U.S.C. § 542(b).

AHCA's lack of forthrightness towards this tribunal about the holding in *Ice* is emblematic of the ruthless way AHCA treated the Debtor, its therapists, and their clients by forcing the Debtor into bankruptcy. *See Boca Burger, Inc. v. Forum*, 912 So. 2d 561, 573 (Fla. 2005), *as revised on denial of reh'g* (Sept. 29, 2005) ("The heart of all legal ethics is in the lawyer's duty of candor to a tribunal. It is an exacting duty with an imposing burden. Unlike many provisions of the disciplinary rules, which rely on the court or an opposing lawyer for their invocation, ***the duty of candor depends on self-regulation; every lawyer must spontaneously disclose contrary authority to a tribunal***. It is counter-intuitive, cutting against the lawyer's principal role as an advocate. It also operates most inconveniently—that is, when victory seems within grasp. But it is precisely because of these things that the duty is so necessary.") (emphasis added).

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

Accordingly, even if this case had been brought against a different state agency than AHCA, the Bankruptcy Court would have subject matter jurisdiction based on the authority of *Ice*.

### C. AHCA is Collaterally Estopped From Arguing That This Court Lacks Jurisdiction Over Suspended But Never Denied Medicaid Payments

*Ice*, however, is not just persuasive authority and good law.

AHCA was a party in the *Ice* case.

The doctrine of collateral estoppel thus prevents AHCA from **relitigating** subject matter jurisdiction for turnover of Medicaid payments that were neither denied nor contested.

Because *Ice* is a federal decision, this Court applies federal collateral estoppel law. *See Madura v. Bank of Am., N.A.*, 767 Fed. Appx. 868, 871 (11th Cir. 2019) ("The federal common law governs the preclusive effect of a judgment by a court exercising federal question jurisdiction.").

Under federal law, collateral estoppel requires: "(1) the issue be identical in both the prior and current action; (2) the issue was actually litigated; (3) the determination of the issue was critical and necessary to the judgment in the prior action; and (4) the burden of persuasion in the subsequent action not be significantly heavier." *In re Rensin*, 597 B.R. 177, 182 n. 2 (Bankr. S.D. Fla. 2018), *aff'd sub nom. Rensin v. Fed. Trade Comm'n*, 604 B.R. 917 (S.D. Fla. 2019).

If all four requisites are satisfied, as they are here, then estoppel operates to bar the arguments which were rejected in the prior proceeding. *See SEC v. Bilzerian (In re Bilzerian)*, 153 F.3d 1278, 1281 (11th Cir. 1998).

Collateral estoppel applies to issues of subject matter jurisdiction. *See N. Ga. Elec. Membership Corp. v. City of Calhoun, Ga.*, 989 F.2d 429, 432–33 (11th Cir. 1993) (citations omitted); *see also Turner v. U.S. Dep't of Justice*, 815 F.3d 1108, 1112–13 (8th Cir. 2016) ("Here, as in *Sandy Lake,* both of Turner's suits relied on the same basis of subject matter jurisdiction, and so the issues are the same for collateral estoppel purposes. ... Thus, because the *Turner I* court decided the issue of subject

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM

matter jurisdiction on the same basis that is at issue here—the exclusivity of the CSRA—Turner is precluded from re-litigating the matter.").

Accordingly, because AHCA already had a full and fair opportunity to litigate the issue of subject matter jurisdiction for turnover of "suspended" Medicaid payments before Judge Funk, and was represented by experienced and highly-regarded counsel, the doctrine of collateral estoppel prevents AHCA from taking a ***second bite*** at the apple.

### IV.    Conclusion

The Court should deny AHCA's motion to dismiss Counts 1 and 4 because this Court has subject matter jurisdiction to determine whether the $831,128.28 debt owed to the Debtor by AHCA for the Uncontested Claims constitutes a matured debt for purpose of § 542(b).

Respectfully submitted,

**FUERST ITTLEMAN DAVID & JOSEPH**
*Special Counsel for Debtor In Possession*
SunTrust International Center
One Southeast Third Avenue, Suite 1800
Miami, Florida 33131
Telephone: (305) 350-5690
Facsimile: (305) 371-8989
E-mail: cdavid@fidjlaw.com
Secondary Email: narcia@fidjlaw.com

By: */s/ Christopher M. David*
Christopher M. David
Florida bar Number: 985163

Fuerst Ittleman David & Joseph
One Southeast Third Avenue, Suite 1800, Miami, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • www.fidjlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via Notice of Electronic Filing CM/ECF to those parties registered to receive electronic notices of filing in this case July 27, 2020.

By: _/s/ Christopher M. David_____
Christopher M. David

FUERST ITTLEMAN DAVID & JOSEPH
ONE SOUTHEAST THIRD AVENUE, SUITE 1800, MIAMI, FL 33131 • T: 305.350.5690 • F: 305.371.8989 • WWW.FIDJLAW.COM